

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| LAKENISHA DOWLING, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 5:18-cv-0387-MGL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING THE DECISION OF THE COMMISSIONER**

    This is a Social Security appeal in which Plaintiff Lakenisha Dowling (Dowling) seeks judicial review of the final decision of Defendant Nancy A. Berryhill (Commissioner) denying Dowling's claims for continued disability insurance benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the Commissioner's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

1

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Therefore, the Court need not—and will not—address any of Dowling's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on May 20, 2019. Dowling filed her objections on June 3, 2019, and the Commissioner replied on June 17, 2019. The Court has carefully reviewed Dowling's objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

Dowling applied for DIB in May 2009 alleging a disability onset date of April 15, 2019. Report 1. In a decision dated February 10, 2011, an administrative law judge (ALJ) determined Dowling was disabled as of her alleged onset date noting her severe impairments of irritable bowel syndrome, aplastic anemia, arthritis of the right ankle, general anxiety disorder, and affective disorder. *Id*.

The Social Security Administration (the Administration) determined Dowling's disability ceased in March 2013 and her period of disability terminated May 31, 2013 because the Administration determined Dowling "was stable on her current medicine and all physical examinations were normal and there was medical improvement related to her ability to work." *Id*. at 1-2. Dowling appealed this finding and requested a hearing by an ALJ, which was held on February 2, 2016. *Id*. at 2. The ALJ issued an unfavorable decision on November 3, 2016, and the Appeals Council denied Dowling's request for review on December 7, 2017. *Id*. Dowling

then filed this action on February 9, 2018 seeking judicial review of the Commissioner's decision. *Id*.

It is Plaintiff's duty both to produce evidence and to prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And it is the duty of the ALJ, not this Court, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Dowling raises three objections to the Report. Objection 1. Dowling objects to the Magistrate Judge's recommendations that (1) the ALJ's evaluation of the medical opinion evidence was supported by substantial evidence; (2) the ALJ's residual functional capacity (RFC) determination is supported by substantial evidence; and (3) the ALJ properly evaluated Dowling's subjective allegations regarding her symptoms. The Court will address each objection in turn.

Dowling first objects to the Magistrate Judge's recommendation the ALJ's opinion contained specific reasons for the weight given to the doctors' opinions and those reasons were supported by substantial evidence. *Id*. Specifically, Dowling asserts "the ALJ did not provide a

3

sufficient explanation of his rejection of the multiple opinions of disability to substantially support his findings and allow the findings to be reviewed." *Id*. at 5. This is the same argument Dowling made in her brief submitted to the Magistrate Judge, *see* ECF No. 18 at 18-27, and this Court agrees with the Magistrate Judge's lengthy and thorough analysis concluding the ALJ's decision contained specific reasons for the weight given to the doctors' opinions. *See* Report at 21-22. The ALJ's reasons for discounting the doctors' opinions are supported by substantial evidence, and therefore, this Court will overrule Dowling's first objection.

Dowling's second objection is the Magistrate Judge erred in determining the ALJ's RFC determination is supported by the substantial evidence because the ALJ "failed to properly consider the effects of obesity and the impact it had on her perianal fissure." Objection at 6. As the Magistrate Judge correctly stated in the Report, "at no time has [Dowling] indicated [to the ALJ] her obesity was an impairment that impacted her ability to work." Report at 24. Dowling has the responsibility to prove disability and the ALJ will only consider impairments she says she has or about which the ALJ receives evidence. 20 C.F.R. § 404.1512(a)(1). The ALJ discussed the substantial evidence supporting the level of functioning detailed in Dowling's RFC, and there is no evidence Dowling's obesity renders Dowling's functioning more limited than her RFC indicates.

As part of her second objection, Dowling also alleges "[t]he ALJ also failed to explain why the RFC did not include an accommodation for Dowling's need to be near a restroom." Objection at 6. Again, Dowling raised this issue before the Magistrate Judge, and the Magistrate Judge correctly explained that while the ALJ did not specifically address Dowling's need to be near a restroom, "the ALJ's decision reflects his consideration of [Dowling's] problems with her colitis and incontinence." Report at 28. Dowling bears the burden of providing evidence establishing

4

the degree to which her impairments limit her RFC. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); 20 C.F.R. §§ 404.1545(a)(3). The ALJ provided an extensive narrative discussion of the medical and non-medical evidence Dowling presented sufficient for this Court to conclude substantial evidence supports the ALJ's RFC determination. When "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the…[ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Therefore, the Court will overrule Dowling's second objection.

Finally, Dowling objects to the Magistrate Judge's recommendation the ALJ properly evaluated Dowling's subjective allegations. Objection at 11. Again, Dowling raised this argument before the Magistrate Judge. *See* Report at 29-31. The Magistrate Judge goes into great detail discussing the two-step process an ALJ must undertake when evaluating an individual's symptoms. Report at 29-30. The ALJ identified this process in his opinion, and he detailed his findings at step one regarding Dowling's severe and non-severe impairments, and then detailed at step two the intensity, persistence, and limiting effects of Dowling's symptoms. Tr. 36. Given this Court's limited scope of review, the Court concludes substantial evidence supports the ALJ's finding Dowling's subjective allegations regarding her symptoms were not consistent with the totality of the objective evidence. Therefore, the Court will overrule Dowling's third objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Dowling's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 15th day of August 2019 in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE